| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| HELEN LE,<br><br>    Plaintiff,<br><br>v.<br><br>MOLLY C DWYER, et al.,<br><br>    Defendants. | No. 2:19-cv-0414 KJM DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Helen Le, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint, motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, motion for emergency relief, and motion for jury trial. (ECF Nos. 1, 2, 7, 8.) Plaintiff's complaint appears to concern frustrations with various court proceedings following a vehicle accident.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

////

1

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

Here, the complaint concerns plaintiff's "OLD case: 2-16-CV-1447 JAM AC PS and 2:18 CV-0203 TLN EFB PS" stemming from events occurring on "1/4/2013 and 12/16/2014." (Compl. (ECF No. 1) at 5, 8.[1]) Although the allegations found in the complaint are difficult to decipher, the complaint alleges that after an "accident . . . [a]ll CEO Insurance" and "health insurance . . . . unite[d] together" to "torture" plaintiff and plaintiff's family. (Id. at 5-6.) Plaintiff allegedly received "no feed back from any Judge of US" and seeks $200 million in compensation requested in "case 2:18cv-0203 TLN EFB PS." (Id. at 6.) Named as defendants are individuals employed as court personnel. (Id. at 1-3.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

////

---

[1] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

3

557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, the court's records reveal that on June 27, 2016, plaintiff filed a federal action in this court concerning an accident occurring on January 4, 2013.[2] See HELEN LE, et al., v. KENNETH EDWARD AZNOE, RICHARD EDWARD McGREEVY, et al., No. 2:16-cv-1447 JAM AC PS, ("Le I"), (ECF No. 1). That action was dismissed for lack of subject matter jurisdiction. (Le I, ECF No. 14, 18). The Ninth Circuit affirmed on appeal, holding that "[t]he district court properly dismissed [the] action for lack of subject matter jurisdiction because the federal claims were too insubstantial to confer jurisdiction." Le v. McGreevy, 692 Fed. Appx. 378, 379 (9th Cir. 2017).

On January 30, 2018, plaintiff commenced a second action in this court, ("Le II"), "seeking to challenge the dismissal of Le I and the adverse rulings on appeal." Le v. United States, No. 2:18-cv-0203 TLN EFB PS, 2018 WL 2010497, at *3 (E.D. Cal. Apr. 30, 2018). Le II was also "dismissed for lack of jurisdiction and failure to state a claim." Id. at *1.

As was true of Le I and Le II, this action must be dismissed for lack of jurisdiction and failure to state a claim. As stated by the court in Le II, "it is clear that the instant action seeks to challenge the dismissal of Le I, [Le II,] and the adverse rulings on appeal. This court lacks jurisdiction to review or overturn those decisions." Le II, 2018 WL 2010497, at *3; see also Dhalluin v. McKibben, 682 F.Supp. 1096, 1097 (D. Nev. 1988) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.").

////

---

[2] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

### III. Leave to Amend

For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the defects noted above, the undersigned finds that granting plaintiff leave to amend would be futile.

### IV. Plaintiff's Motions

On September 19, 2019, plaintiff filed a motion for emergency relief "to solve compensation." (ECF No. 7 at 1.) On September 23, 2019, plaintiff filed a motion "to open TRIAL[.]" (ECF No. 8 at 1.) However, the undersigned has recommended that plaintiff's complaint be dismissed without leave to amend. Plaintiff's motions, therefore, will be dismissed without prejudice pending resolution of these findings and recommendations.

### CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 19, 2019 motion for emergency relief (ECF No. 7) is denied without prejudice to renewal; and

2. Plaintiff's September 23, 2019 motion for jury trial (ECF No. 8) is denied without prejudice to renewal.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's March 7, 2019 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's March 7, 2019 complaint (ECF No. 1) be dismissed without prejudice; and

3. This action be dismissed.

////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 4, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/le0414.dism.f&rs